UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CHRISTOPHER DOYLE,                  )
                                    )
            Petitioner,             )
                                    )
      v.                            )          Civil Action No. 15-cv-13328-PBS
                                    )
COMMONWEALTH OF                     )
MASSACHUSETTS, SUFFOLK              )
COUNTY SHERIFF'S OFFICE,            )
NORFOLK COUNTY SHERIFF'S            )
OFFICE,[1]                          )
                                    )
            Respondents.            )
_____)


**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THE PETITION
FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**


This habeas corpus petition is too late. The Petitioner, Christopher Doyle, was tried and convicted in 2011 of, among other crimes, breaking into a depository in the nighttime with the intent to commit a felony and possession of burglarious tools. His conviction became final on August 1, 2013, after the deadline passed for his last direct appeal. Under the Antiterrorism and Effective Death Penalty Act

---

[1] The Petitioner names improper respondents. The proper respondent is the person with custody of the petitioner. *See* 28 U.S.C. § 2243 (petition must be directed to person with custody of prisoner); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (same); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-42 (2004) (remote supervisory official is not proper respondent); *Vasquez v. Reno*, 233 F.3d 688, 691 (1st Cir. 2000) (superintendent, as immediate custodian, is proper respondent). When he filed the Petition, the Petitioner alleged he was confined at the Norfolk County Jail and House of Correction. *See* Docket No. 1. Apparently he has since been released. *See* Docket No. 19. Nonetheless, if he was confined there, the Norfolk County Sheriff would be the proper respondent.

("AEDPA"), he had one year to file a habeas petition. He did not. Nor did any of the multiple postconviction filings he made in assorted state courts toll the statute of limitations long enough that his September 2015 federal habeas petition was timely. Under any interpretation of tolling, the Petition is time-barred. Further, the Petitioner has not established any extraordinary circumstances to warrant the equitable tolling doctrine. Finally, even if the Petition was timely, all of the claims it contains are unreviewable by this court because they were denied by the Massachusetts Supreme Judicial Court on independent and adequate state law grounds. Accordingly, the Petition should be dismissed with prejudice.

## PRIOR PROCEEDINGS

The Petitioner was convicted by a jury in May 2011 of breaking into a depository in the nighttime with the intent to commit a felony, possession of burglarious tools, and malicious destruction of property over $250. *See Commonwealth v. Doyle*, 83 Mass. App. Ct. 384, 385 (2013). The Massachusetts Appeals Court ("MAC") affirmed the Petitioner's convictions for the first two crimes but reversed the judgment for malicious destruction of property and entered judgment for the Petitioner on that count.[2] *Id.* at 393. The Petitioner filed an application for leave to obtain further appellate review ("ALOFAR"), which the SJC denied on May 3, 2013. *Commonwealth v. Doyle*, 465 Mass. 1102 (2013) (table). He did not file a petition for a writ of certiorari to the United States Supreme Court.

After the conclusion of his direct review, the Petitioner filed numerous unsuccessful motions in various state courts; only the relevant ones are discussed here. In September 2013, he filed a petition for habeas corpus under state law as a

---

[2]      The Petitioner later filed a "Motion for Resentencing After Reversal of Conviction on Count #4 and Entry of Not Guilty" on March 26, 2014. Exh. A, at 9; Exh. J. That motion was denied fourteen days later on April 9, 2014. *Id.*

separate civil matter in the Suffolk Superior Court. That motion was denied because a state writ cannot be used to challenge a conviction, and may only be granted when the petitioner may be immediately released from custody (*e.g.*, based on a mathematical computation of good time credits). *See* Exh. I, at 5-6. The Petitioner could not make the appropriate showing. *Id.* He did not appeal from this ruling. *See* Exh. C.

Then, on April 9, 2014, the Petitioner, in his criminal case, filed a motion for post-conviction relief under Massachusetts Rule of Criminal Procedure 30(a). That motion was denied on April 12, 2014. Exh. A, at 9-10; Exh. K. Again, the Petitioner did not appeal.

Most recently, on August 8, 2014, the Petitioner filed an application with a single justice of the Massachusetts Supreme Judicial court pursuant to Massachusetts General Laws chapter 211, § 3 (the statute providing for the general superintendence power of the court). Exh. D. That application was denied by the single justice. *Doyle v. Commonwealth*, 472 Mass. 1002, 1002 (2015). That ruling was affirmed by the full SJC in an opinion dated July 6, 2015. *Id.*

Eventually, turning to the federal court, the present habeas petition was filed on September 8, 2015. *See* Docket No. 1.

## ARGUMENT

**I.      The Petition Must Be Dismissed As Time-Barred Under The Statute Of Limitations For Federal Habeas Corpus Petitions.**

Dismissal of the Petition is required under the one-year statute of limitations enacted by Congress as part of AEDPA, 28 U.S.C. § 2244(d). AEDPA provides that the limitations period begins to run on the date a petitioner's conviction became

final "by the conclusion of direct review or the expiration of the time for seeking such review," absent circumstances not present here. *Id*. at 2244(d)(1)(A).

The Petitioner's convictions became final on August 1, 2013, ninety days after the Supreme Judicial Court denied his ALOFAR—*i.e.* the last day the Petitioner could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); *see also* S. Ct. R. 13(1). Thus, without any tolling events, the Petitioner had until August 1, 2014 to file his petition. He failed to do so. Instead, his Petition was over a year late. *See* Docket No. 1. And, as discussed next, there were no tolling events that save this late filing. The Petition is time-barred and must be dismissed.

## II.   Even Accounting for Statutory Tolling, the Petition is Time-Barred.

There were no tolling events here to stop the running of the one-year limitation period long enough that the Petitioner's September 2015 Petition with this Court was timely. Under AEDPA, the one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the Petitioner's multiple filings in different state courts cloud the tolling calculation. But, under even the longest calculation (giving the Petitioner the benefit of every arguable tolling event), the Petition was still too late.

### A.   Counting only the time period during which properly filed post-conviction motions were pending, as required by AEDPA, the Petition was over a year too late.

The starting point for any calculation of timeliness is August 1, 2013. Hence, any calculation will move the original time-bar date of August 1, 2014.

First, the petition for state habeas corpus relief cannot toll the AEDPA statute of limitations. AEDPA's tolling provision only applies to state post-conviction pleadings directed at "the pertinent judgment or claim." 28 U.S.C. 244(d)(2). As the Suffolk Superior Court correctly held, a Massachusetts habeas petition *cannot* focus on the judgment or claim. Exh. I, 4-7. Instead, a petitioner's application must rely on "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Stewart, petitioner*, 411 Mass. 566, 568-69 (1992) (quoting *Averett, petitioner*, 404 Mass. 28, 31 (1989)). As such, a properly filed Massachusetts habeas petition is very narrow—it may only be brought by an individual who contends that "the term of a lawfully imposed sentence has expired" and who is entitled to immediate release. *Id.*; *see also Sheriff of Suffolk Cnty. v. Pires*, 438 Mass. 96, 99-100 (2002); *Hennessy v. Superintendent, Mass. Corr. Inst. Framingham*, 386 Mass. 848, 851-52 (1982). Hence, an application, such as the Petitioner's, that does focus on the judgment or claim would not be "properly filed." And further, the very nature of a state habeas petition prevents it from tolling the statute of limitations. Only a state postconviction motion that seeks reexamination of the relevant state conviction or sentence can provide tolling under AEDPA. *Kholi v. Wall*, 582 F.3d 147, 151 (1st Cir. 2009) (citing cases) *aff'd*, 562 U.S. 545 (2011). Other types of state procedural motions—such as a motion challenging the proposed parole eligibility date in *Kholi*—have no effect on tolling. *Id.* Thus, the application for state habeas relief is not relevant for the tolling calculation—the clock continued to run.

Next, the April 9, 2014 Rule 30 motion did stop the clock.[3] But, that motion was denied three days later and the Petitioner did not appeal that denial. Only

---

[3]    The Petitioner's Motion for Resentencing in his criminal matter had no effect on tolling as it was merely a procedural motion following the MAC's decision reversing the charge of malicious

three days (April 9 to April 12), therefore, should be added to the AEDPA deadline, making the new deadline August 4, 2014. Although the Massachusetts Rules of Appellate Procedure (Rule 4(b)) mandate that a notice of appeal be filed within thirty days, these days should not be added for the purposes of AEDPA tolling here. Given that the Petitioner did not appeal the denial of his motion, the Respondent suggests the better interpretation of the AEDPA statutes is that the clock started again after denial of the Rule 30 motion. Section (d)(2) of 28 U.S.C. § 2244 only provides that the AEDPA time period is tolled while the collateral claim "is pending." The Rule 30 motion ceased to be pending when denied and the Petitioner made no filing to stay the effect of that decision. In contrast, Section (d)(1)(A) allows for the counting of time for seeking further appellate review, but only for direct appeals. Congress certainly could have included similar language to cover calculations of filing deadlines in collateral pleadings, but did not. Accordingly, the AEDPA clock should start again on April 12, 2014.

Unfortunately, whether the thirty-day period to appeal should be counted is not settled. In a 2002 opinion, *Currie v. Matesanz*, the First Circuit suggested that even when a petitioner does not seek appellate review of a denial of collateral relief, tolling ends at the expiration of the time for seeking review. 281 F.3d 261, 263, 266, 267 n.8, 268 n.9, 269 & n.10 (1st Cir. 2002). But, the *Currie* court explicitly did not decide that issue. *See id.* at 267 n.8 ("We express no view as to" whether "an application for state post-conviction relief remains 'pending' until the end of the

---

destruction of property. *See* Exh. J. It was not a motion under Massachusetts Rule of Criminal Procedure 29, which the First Circuit has determined may toll the statute of limitations. *Id*; *see Holmes v. Spencer*, 685 F.3d 51, 60 (1st Cir. 2012). It did not fit within the language of Rule 29(a) and, in any event, would have been untimely under that rule. Thus, it was not properly filed for AEDPA tolling purposes. *See, e.g., Artuz v. Bennett*, 531 U.S. 4, 8-9, 11 (2000). Nonetheless, counting the fourteen days between filing and denial of the motion—March 26, 2014 to April 9, 2014—still would not make the Petition timely even under the broadest allowance of tolling. *See* pp. 9-10 below.

statutorily allotted period for appeal, even if the prisoner does not in fact file an appeal during that period," "since Currie did file a timely application for leave to appeal"), 269 & n.10 (expressing "no view on" approach of some courts that includes treating period as "tolled from the date on which the application for post-conviction relief is filed in the state trial court until the expiration of time to appeal"). And, subsequent Supreme Court and First Circuit opinions have called this interpretation into question. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *David v. Hall*, 318 F.3d 343, 345 (1st Cir. 2003). Both courts recognized that the tolling provision "makes no reference to the 'time for seeking' review of a state postconviction court's judgment.  Instead, it seeks to know when an application for 'State . . . review' is pending." *Lawrence*, 549 U.S. at 333-34 (comparing § 2244(d)(1)(A) to § 2244(d)(2)); *accord David*, 318 F.3d at 345 (making same observation). "Congress . . . specifically provided a more generous exclusion of time where direct review was involved and, consistent with the spirit of AEDPA, took a stricter view as to state post-conviction remedies." *David*, 318 F.3d at 345. Thus, both courts refused to accept that tolling continued during the time allowed to seek Supreme Court review of a decision on collateral review. *See Lawrence*, 549 U.S. at 333-34 (involving situation where certiorari petition is filed); *David*, 318 F.3d at 345 (involving situation where no certiorari petition is filed).[4] This later logic should

---

[4]     The logic behind these cases should apply equally here where the Petitioner did not seek intermediate state appellate review as opposed to Supreme Court review. It would be odd to allow tolling to continue for petitioners who file state court motions in lower courts but fail to appeal those motions because that interpretation would directly contradict another goal of AEDPA, exhaustion. In other words, a petitioner would receive more time to file a habeas petition based on a provision that is largely intended to facilitate exhaustion, when he is not actually exhausting the claim. *See, e.g.*, *Wall*, 562 U.S. at 558.

      This interpretation is further consistent with general practice in criminal and civil matters of the immediate effect of judgments. That is, judgments are effectively immediately and a defendant wishing to delay a judgment (*e.g.* delay the imposition of a sentence) must file a motion requesting a stay—he is not automatically allowed to delay a judgment in case he might appeal. *See, e.g.*, G.L. c.

also be applied to situations like this case in which a petitioner chooses not to utilize time to seek further review.

Again, under this interpretation of the AEDPA deadlines, three days is added to the deadline; so, the Petitioner was required to file his federal habeas petition no later than August 4, 2014. There were no other possible tolling events before that date. His Petition was over a year too late and must be denied.

The following is a chart of this timeline:

| Date | Event | Tolling Days | AEDPA Due Date |
|---|---|---|---|
| 8/1/13 | 90 Days after SJC Denies ALOFAR | Clock Starts | 8/1/14 |
| 4/9/14 | Rule 30 Motion | Clock Stops | -- |
| 4/12/14 | Rule 30 Motion Denied | 3 | 8/4/14 |
| 9/8/15 | Habeas Petition Filed | -- | 400 Days Past Due |

**B.   Even if the Petitioner is provided every possible tolling allowance, the Petition is still time-barred.**

Even giving the Petitioner the extra thirty days in which he did not appeal the Rule 30 motion, the Petition is still too late. Adding thirty days, the AEDPA deadline would be September 3, 2014—still a year before the Petition was filed—unless there were any tolling events in the meantime. Yet again, that answer is not clear.

---

279, § 4 ("Sentence shall be imposed upon conviction of a crime, regardless of whether an appeal has been taken."); Mass. R. Crim. P. 31(a) ("[T]he entry of an appeal shall not stay the execution of the sentence unless the judge imposing it or, pursuant to Mass. R. App. P. 6, a single justice of the court that will hear the appeal, determines in the exercise of discretion that execution of said sentence shall be stayed.").

The only relevant event after the denial of the Rule 30 motion was the Petitioner's application to the SJC under G.L. c. 211, § 3. That application was filed on August 8, 2014, and eventually denied by the SJC on July 6, 2015, for a total of 332 potential tolling days.

But, applications under c. 211, § 3 neither automatically toll the statute of limitations nor are they categorically excluded from tolling. *Rodriguez v. Spencer*, 412 F.3d 29, 35-36 (1st Cir. 2005). Instead, to determine if a filing under G.L. c. 211, § 3 tolls the statute of limitations, a court must look past the "mechanical exercise of filing and engage in case-by-case scrutiny of the state court's disposition." *Id.* at 36. Certainly if this Court looks at the SJC's denial of the G.L. c. 211, § 3 application, it will see that the application was rejected because the Petitioner had other, unused, avenues of relief available and the claims were improper under state law—both of which are reasons to conclude the application cannot be used for tolling. *See id.* at 36-37.

In the end, this conclusion is immaterial because, even if the Petitioner is given the tolling days, his habeas Petition was still late. Adding the 332 tolling days, his federal habeas petition would have been due no later than August 3, 2015. He did not file his Petition until September 8, 2015. That is simply too late under AEDPA and the Petition is time-barred.

The following is a time line with all potential tolling events:

| Date | Event | Tolling Days | AEDPA Date |
|---|---|---|---|
| 8/1/13 | 90 Days after SJC Denies ALOFAR | | 8/1/14 |
| 4/9/14 | Rule 30 Motion | Clock Stops | -- |
| 4/12/14 | Rule 30 Motion denied | 3 | 8/4/14 |
| 5/12/14 | Notice of Appeal Deadline | 30 | 9/3/2014 |
| 8/8/14 | G.L. c. 211, § 3 Petition Filed | Clock Stops | -- |
| 7/6/15 | G.L. c. 211, § 3 application Denied by full SJC | 332 | 8/3/15[a] |
| 9/8/15 | Habeas Petition Filed | -- | 36 Days Past Due |

[a] The due date was technically August 1, 2015, which was a Saturday.

## III.   The Circumstances of This Case Do Not Warrant Application Of The Equitable Tolling Doctrine.

The Supreme Court has held that "§2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court established a two-prong test: "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace v. DiGuglielmo*, 540 U.S. 408, 418 (2005)). Referring to the first prong, the Court stated, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotation marks omitted). For the second prong, the Court explained, "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 651-52 (*quoting Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990), and *Lawrence v.*

10

*Florida,* 549 U.S. 327, 336 (2007)). The First Circuit also has held that equitable tolling is the "exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007) (*quoting Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)). There is no basis in the record here for equitable tolling.

The Petitioner has not sustained, and cannot sustain, his heavy burden of establishing grounds for equitable tolling. *See Trapp*, 479 F.3d at 59 (holding it is petitioner's burden to prove equitable tolling). He does not identify any extraordinary circumstances that allegedly prevented him from filing his habeas petition on time. *See* Petition at 14, Docket No. 1. At best, the record here demonstrates "garden variety" neglect or inattention, which the First Circuit has held is insufficient. *Trapp*, 479 F.3d at 60.  Moreover, although the Petitioner was *pro se* in many of his filings, that status alone would not toll the period of limitations. *See Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting similar argument and noting, "[i]n the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law") (collecting cases).

Furthermore, the Petitioner cannot demonstrate that he diligently pursued his rights. Certainly the Petitioner lodged numerous filings in a variety of state courts after his 2011 conviction. But, there are often large gaps in between his filings (*e.g.*, four months from the denial of his ALOFAR to his state habeas petition and another four months between the denial of his Rule 30 motion and his application under G.L. c. 211, § 3). And, the Petitioner repeatedly failed to follow through on his pleadings by not appealing them. Indeed, as the record in the SJC for the G.L. c. 211, § 3 application demonstrates, the Petitioner was capable of

11

appealing an order and asking the court for assistance to take proper procedural steps. *See* Exh. D.

In sum, this case is not one of the "rare and extraordinary" cases in which equitable tolling should be invoked. *Trapp*, 479 F.3d at 59. The Petition must be denied as time-barred.

## IV.   Even If the Petition Was Timely, Review Is Barred Because the Claims Were Denied Based on Independent and Adequate State Law Grounds.

Even if the Petition was timely, this Court would be barred from reviewing any of the claims. The Petitioner admits that none of the four claims was raised on direct appellate review. Pet. 7, 8, 10, 11, Docket No. 1.[5] And, assuming, without conceding, that the Petitioner did actually exhaust the four claims in his G.L. c. 211, § 3 application,[6] his claims were procedurally defaulted in the state courts.

A habeas court may not decide claims that were denied by a state court based on an independent, and adequate, state law ground. *See Beard v. Kindler*, 558 U.S. 53, 55 (2009) ("A federal habeas court will not review a claim rejected by a state

---

[5]      The Petitioner claims he attempted to raise some of these issues in a *Moffett* brief (*i.e.* a brief filed by a defendant *pro se* under state law on issues appointed counsel deemed improper to raise). *See Commonwealth v. Moffett*, 383 Mass. 201 (1981). As the Petitioner correctly notes, however, that brief was not accepted by the MAC. *See* Exh. B.  It was thus not properly filed. *See, e.g., Artuz*, 531 U.S. at 8-9, 11.

[6]      It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 518- 19 (1982)). Exhaustion requires a petitioner to present the factual and federal legal dimensions of his arguments to the state's highest tribunal—in Massachusetts, the SJC—within the four corners of his pleading. *See Adelson*, 131 F.3d at 263; *see also Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007) (citing *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 823 (1st Cir. 1988)). The Petitioner admits that these claims were not raised on direct review—*i.e.*, through his ALOFAR. Thus, the only way he could have presented them to the SJC is through the G.L. c. 211, § 3 application. Assuming, without conceding that he did so, it is unclear whether this presentation would be sufficient to properly exhaust the claims for purposes of AEDPA.

court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'") (*quoting Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). "Independent and adequate state law grounds" is a broad category that encompasses numerous sub-categories. For example, "[t]he state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (*citing Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977)).

Procedural default is the "independent and adequate state law ground" applicable here. The well-established procedural default rule precludes a federal habeas court from reviewing a petitioner's claims when a state court has "declined to address [those] claims because the prisoner . . . failed to meet a state procedural requirement." *Costa v. Hall*, 673 F.3d 16, 23 (1st Cir. 2012) (*quoting Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912, 922 (2012) (alterations in original) (*quoting Walker*, 562 U.S. at 316 (internal quotation marks omitted))); *see also Coleman*, 501 U.S. at 729-32. This rule is founded on respect for the state courts; when the state court's procedural requirements are not met those courts are deprived of the opportunity to address a petitioner's claims in the first instance. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (*quoting Coleman*, 501 U.S. at 730, 732). Accordingly, a procedural default of a claim (such as a waiver) forecloses a review of the merits of that claim by a federal habeas court. *See, e.g.*, *Lynch v. Ficco*, 438 F.3d 35, 50 (1st Cir. 2006) (court did not reach merits because petitioner failed to overcome procedural default).

As the SJC appropriately recognized, the Petitioner could not use G.L. c. 211, § 3 as he hoped—*i.e.*, a substitute for ordinary appellate process. Specifically, he

13

could have raised his claims on direct appeal or in an appropriate post-conviction motion.[7] *Doyle*, 472 Mass. at 1003. Under well-established, and consistently-applied, Massachusetts law governing applications pursuant to G.L. c. 211, § 3, relief under that statute is properly denied when adequate alternative remedies are available. *Id.* That was the case here. Additionally, viewing the Petitioner's application, in the alternative, as seeking review of the denial of the state habeas petition, the SJC concluded that petition was not proper because it did not "involve grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Id.* (citing cases). Accordingly, under either interpretation of the application, the Petitioner's claims could not meet the procedural predicate for review by the SJC.

Moreover, the Petitioner does not allege or show sufficient cause and prejudice, or a fundamental miscarriage of justice, to excuse the procedural default. *See Gunter v. Maloney*, 291 F.3d 74, 78 (1st Cir. 2002) (citing *Coleman*, 501 U.S. at 750). At most, the Petitioner avers that his appellate counsel on direct review refused to include these claims in the principle brief to the MAC. Pet. 7, 8, 10, 11, Docket No. 1. Even if that decision was basic attorney error, that is insufficient to prove cause. *Burks v. Dubois,* 55 F.3d 712, 717 (1st Cir. 1995). And, although constitutionally ineffective assistance of counsel can constituted cause, that claim must be exhausted. *See Gunter*, 291 F.3d at 81 (ineffective assistance claim must be fairly presented to state court and exhausted to be used to excuse procedural default). As the SJC recognized in denying the G.L. c. 211, § 3 application, the

---

[7]     In passing the SJC also said the claims "were" raised on direct review. *Doyle*, 472 Mass. at 1003. But that statement appears to be a recitation of the general standard of G.L. c. 211, § 3 applications, not a factual conclusion that the claims actually were raised. As the Petitioner concedes, the claims were not raised on direct appeal.

Petitioner may still raise any claim of ineffective assistance of counsel in a postconviction motion in the trial court (because he has not yet). *Doyle*, 472 Mass. at 1003 n.3. Finally, the Petitioner does not claim that he is factually innocent, let alone assert the actual innocence necessary to meet the narrow fundamental miscarriage of justice standard. *See Janosky v. St. Amand*, 594 F.3d 39, 46 (1st Cir. 2010) (recognizing that court may excuse procedural default even without cause and prejudice if failure to consider claim would be fundamental miscarriage of justice).

For these reasons, this Court would be barred from reviewing the Petitioner's claims even if the Petition was filed on time. The Petition must be dismissed.

## Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus must be dismissed with prejudice.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ *Ryan E. Ferch*
Ryan E. Ferch (BBO No. 670151)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2842
ryan.ferch@state.ma.us

Dated:  December 11, 2015

15

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Petitioner at the address below on December 11, 2015, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Christopher Doyle
889 Dorchester Ave. #94
Dorchester, MA 02125

/s/ *Ryan E. Ferch*
Ryan E. Ferch
Assistant Attorney General

16